**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**


RENEE SHOKOOHE,

             Plaintiff,

      v.                                    C-1-05-144

TODD USSERY, M.D.,

             Defendant.


## ORDER


       This matter is before the Court upon (1) the motion of the United States and defendant Todd Ussery, M.D. to substitute the United States as the proper party defendant, and (2) the motion of the United States as substituted party to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1) (doc. 2).  Plaintiff Renee Shokoohe has filed a memorandum opposing the motion (doc. 4) and movants have filed a reply in support of the motion (doc. 6).

       Movants seek to have the United States substituted as the defendant to this action on the ground that the Federal Tort Claims Act (FTCA), as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988, provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful acts or omissions of federal employees undertaken within the scope of their federal employment. 28 U.S.C. Section 2679(b)(1).  The United States moves as the substituted party to

1

dismiss the action on the ground that plaintiff has failed to exhaust her administrative remedies as required by the FTCA, 28 U.S.C. Section 2675(a), and the United States has not waived sovereign immunity with respect to plaintiff's claims pursuant to 28 U.S.C. Section 2680(h), so that this Court lacks jurisdiction over those claims.

## I. Procedural history/Factual allegations

Plaintiff, an employee of the Cincinnati Veterans Administration Medical Center, Department of Veterans Affairs (the "VA"), filed this action for defamation in the Hamilton County, Ohio Court of Common Pleas on February 8, 2004.  Plaintiff named as the sole defendant Dr. Ussery, who at all relevant times was employed as a Staff Anesthesiologist by the VA. Plaintiff alleges that on or about February 4, 2003, defendant circulated to at least five individuals a letter that falsely accused plaintiff of being insubordinate and failing to meet the appropriate standard of care.  Plaintiff alleges that as a result of defendant's conduct, she has suffered damage to her reputation, emotional distress, and mental anxiety.

On March 10, 2005, the United States Attorney certified that defendant was acting within the scope of his federal employment at the time of the events alleged in the lawsuit  (doc. 2, exh. C). On that same date, defendant Ussery removed the action to this Court pursuant to 28 U.S.C. §§ 2679(d)(2), 1442(a)(1) and 1446(a).  The United States subsequently filed its motion to be substituted as the defendant, alleging that Dr. Ussery was acting within the scope of his federal employment at all relevant times.  Movants claim that the letter that Dr. Ussery wrote was directed to Dr. Gary Roselle, the Director of the VA at the time, and to other employees of the VA "within the chain of command."  They allege that the letter referred only to work-related issues and that all of Dr. Ussery's interactions with plaintiff were during work hours and related

2

to work duties.  Movants specifically argue that the allegations of the complaint arise out of Dr. Ussery's supervision of the plaintiff and his reporting her actions to his superiors.

In response to the motion, plaintiff has submitted a Declaration (doc. 4, Appendix A) in which she makes the following allegations: During the time period relevant to this lawsuit, plaintiff was the Chief Registered Nurse Anesthesist (CRNA) at the VA and was responsible for supervising approximately five CRNAs.  Defendant Ussery was hired as a Staff Anesthesiologist by the VA some time around the summer of 2001.  At the time of defendant's hiring, plaintiff reported to David Sabo, M.D., the Chief of the Anesthesia Service.  Defendant also reported to Dr. Sabo.  Shortly after defendant's arrival at the VA, plaintiff received numerous complaints from her staff about his performance and the potential danger he represented to patients.  Plaintiff addressed with defendant and with Dr. Sabo the concerns that the CRNA staff had unsuccessfully attempted to address directly with defendant.  As a consequence, defendant became hostile toward plaintiff, who in turn complained to Dr. Sabo about defendant's treatment of her.  Plaintiff also relayed her concerns about defendant to Dr. Robert Bower, the Chief of Surgery, in December of 2002.  Subsequently, on February 4, 2003, defendant circulated the letter at issue in this case (Appendix A, exh. 3) to several people, including Diane Richards, the administrative assistant for surgical services, and surgeons Thomas Bell, M.D. and Mark Molloy, M.D., all of whom are outside plaintiff's chain of command.  Plaintiff received a copy of the letter, which falsely attacked plaintiff as being insubordinate and disruptive.  On February 13, 2003, plaintiff responded to defendant's letter and sent copies of her response to the same people who had received defendant's letter.  Plaintiff also discussed defendant's letter with Dr. Sabo, who advised her that the letter was inappropriate and that he would write a response in defense of her

3

performance.

In her opposing memorandum, plaintiff alleges that defendant was not acting in the scope of his employment when he purportedly slandered plaintiff.  Plaintiff denies that defendant was her supervisor, although she asserts that she occasionally took orders from defendant in the context of caring for a patient.  Plaintiff contends that defendant did not follow the chain of authority when he made his purportedly false accusations and instead should have presented his complaints to higher ranking officials through Dr. Sabo.  Plaintiff alleges that it was not defendant's job "to circulate slanderous comments about Plaintiff to people outside of her chain of command," and she claims that he "made an intentional and willful attack on Plaintiff to vent his spleen and for his own personal gratification" and as a parting shot before leaving his employment at the VA.

Plaintiff asserts that, at a minimum, she has presented sufficient evidence that defendant was not acting in the scope of his employment so as to avoid substitution of the United States as defendant.  Plaintiff argues that she should be permitted to conduct limited discovery on the issue of defendant's alleged supervisory role, his purported responsibility to report the items set forth in his letter, and his reasons for circulating the letter to individuals who were not involved in supervising plaintiff and who had no need to be advised of the comments.  Plaintiff requests that the motion to substitute the defendant and dismiss the action be stayed pending discovery and a final determination on the issue of whether defendant was acting in the scope of his employment.  Plaintiff asserts that this is the proper course to follow since a determination that defendant was acting within the scope of his employment would effectively bar plaintiff's defamation claim against both defendant and the United States, which is immune under 28 U.S.C. § 2680(h).

In reply, defendant has submitted a supplemental Declaration in which he states that he was given the duty of clinically supervising the CRNAs when he was hired, he shared this duty with Dr. Sabo, and he clinically supervised the work of the CRNAs, including plaintiff, approximately fifteen days out of the month. Defendant claims that the clinical supervision vested him with ultimate authority over the actions of the plaintiff and other CRNAs that would directly impact patient care. Defendant asserts that although he did not prepare the performance evaluations for the CRNAs, Dr. Sabo, as defendant's Section Chief, sought his opinions and suggestions concerning their clinical performance in order to help maintain and improve competence and cooperation of the CRNA staff.

In addition to these allegations, defendant explains that Dr. Bower had taken leave in February 2003, before defendant wrote and circulated the subject letter, and that the surgeons to whom he sent the letter, Dr. Molloy and Dr. Bell, alternately fulfilled the duties of Acting Chief of Surgery at the VA.[1] Defendant asserts that he sent a copy of the letter to Diane Richard, Dr. Bower's administrative assistant, since she had been present for most of the meetings involving plaintiff and Dr. Sabo, she was familiar with the issues concerning them, and she was the contact person for Dr. Bower during his leave.

---

[1] Plaintiff acknowledges that Dr. Bower had been diagnosed with cancer some time prior to the date that defendant circulated the memo, but she contends that she was not aware that any "Acting Chiefs of Surgery" were appointed to replace him at that time.

## II. Motion to substitute

### A. Applicable law

Title 28 U.S.C. § 1346(b) vests the district courts with original jurisdiction of civil actions on claims against the United States for money damages for personal injury caused by the negligence of a government employee while acting within the scope of his employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Where such a claim is brought against a federal employee, the action shall be deemed an action against the United States and the United States shall be substituted as the party defendant "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose. . ." 28 U.S.C. § 2679(d)(1).

The question of whether an employee has acted within the scope of his employment is one of law, although the court in reviewing the certification issue must identify and resolve disputed issues of fact necessary to the court's determination before entering its order. *Singleton v. U.S.,* 277 F.3d 864, 870 (6th Cir. 2002) (citations omitted).  In making this legal determination, the court must look to the law of the state in which the conduct occurred. *RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1143 (6th Cir. 1996). Under Ohio law, an employee acts within the scope of his employment "if the employee acts within his authority during the course of employment even though acting intentionally or maliciously." *Id.* (citing *Henson v. NASA,* 14 F.3d 1143, 1147 (6th Cir.), *amended on rehrg,* 23 F.3d 990 (6th Cir. 1994)). The mere fact that an employee's actions may have been unlawful is not enough to permit a finding that the employee's actions were outside his authority. *Id.*  The focus is not on the alleged wrongful nature of the

6

employee's actions but on the actions complained of and whether those actions are "so divergent that [their] very character severs the relationship of employer and employee." *Id.* (citing ***Osborne v. Lyles,*** 63 Ohio St.3d 326, 330, 587 N.E.2d 825, 829 (1992)).

The Attorney General's § 2679(d) certification is prima facie evidence that the defendant employee was acting within the scope of his employment. ***Id.*** (citing ***Brown v. Armstrong,*** 949 F.2d 1007, 1012 (8th Cir. 1991)).  The certification does not conclusively establish as correct the substitution of the United States for the employee as defendant. ***Gutierrez de Martinez v. Lamango,*** 515 U.S. 417, 434 (1995).  Rather, a party may contest the propriety of substitution by producing evidence that demonstrates that the employee was not acting in the scope of his employment.  ***Singleton,*** 277 F.3d at 871.  If the employee does so, the government must then produce evidence that supports the certification.  ***Id.***

A hearing on the certification issue is not necessary if the allegations of the complaint, accepted as true, establish that the employee was acting within the scope of his employment, ***RMI,*** 78 F.3d at 1143.  If the plaintiff pleads conduct within the scope of the defendant's employment and merely alleges that the defendant acted with an improper or personal motive, summary dismissal of the plaintiff's challenge to the certification is warranted. ***Id.*** at 1143-44 (citing ***Brown,*** 949 F.2d at 1012-13).

## B. Substitution of the United States as defendant is proper

Plaintiff has failed to produce evidence from which the Court could reasonably conclude that defendant was acting outside the scope of his employment when he wrote and circulated the allegedly defamatory letter.  To the contrary, the factual allegations of the complaint and of plaintiff's Declaration, if accepted as true, compel a finding that defendant was acting within the

7

scope of his employment. The undisputed facts establish that defendant wrote and circulated the letter to VA employees, at their place of employment, while he was employed there; the statements in the letter, whether true or false, undeniably relate to plaintiff's job performance and her interactions with defendant and other fellow employees in the workplace; and there is no allegation that defendant had any interaction with plaintiff outside of the workplace.  Under these circumstances, it is immaterial whether or not defendant had any supervisory authority over plaintiff, whether he relayed his complaints about plaintiff to individuals outside of the "chain of command," and whether he acted with a malicious purpose.  Dr. Ussery's actions were not "so divergent that [their] very character severs the relationship of employer and employee." *See RMI,* 78 F.3d at 1143.  Accordingly, despite plaintiff's objection, the substitution of the United States as party defendant for Dr. Ussery is proper and is required by statute. The motion to substitute is therefore granted.

### III. Motion to Dismiss

Plaintiff acknowledges that she has not exhausted her administrative remedies by submitting an administrative claim to the Department of Veteran Affairs prior to bringing this lawsuit under the FTCA as required under 28 U.S.C. § 2675(a).  Plaintiff asserts that she has not done so because she concedes that claims for defamation may not be brought under the FTCA, 28 U.S.C. § 2680(h), which excepts claims for libel and slander from the FTCA's broad waiver of the United States's immunity from suit based on the tortious conduct of federal employees. Because plaintiff concedes that the United States is immune from suit on a claim for defamation, and because the Court has determined that the United States is the proper defendant to this action, the Court lacks subject matter jurisdiction over plaintiff's complaint.  The motion to dismiss by

8

the United States as the substituted defendant is therefore well-taken.

## IV. Conclusion

In accordance with the foregoing, the motion to substitute and to dismiss is **GRANTED.**
The United States is **SUBSTITUTED** as defendant for Dr. Todd Ussery and Dr. Ussery is
**DISMISSED** from this lawsuit. The complaint against the United States is **DISMISSED** for lack
of subject matter jurisdiction. This case is **TERMINATED** on the docket of the Court at
plaintiff's cost.

  **IT IS SO ORDERED.**


  S/ Herman J. Weber
  HERMAN J. WEBER, SENIOR JUDGE
  UNITED STATES DISTRICT COURT

J:\HJWA\05-144ftcaPUB.wpd

9